JODY ALAN GOLDSTEIN       *       NO. 2020-CA-0401

VERSUS       *       COURT OF APPEAL

CHATEAU ORLEANS, INC.,       *       FOURTH CIRCUIT
LEISURE MANAGEMENT,
LTD., AND XYZ INSURANCE       *       STATE OF LOUISIANA
COMPANY

      *

      *

* * * * * * *

*TGC*

**CHASE, J., CONCURS IN PART AND DISSENTS IN PART WITH REASONS**

I concur with the result reached by the majority to reverse the trial court's judgment granting the JNOV filed by Leisure Management. I write separately to emphasize the importance of the sanctity of jury verdicts. "The JNOV strict criteria is predicated on the rule that 'when there is a jury, the jury is the trier of fact.'" *Smith v. State, Dep't of Transp. & Dev.*, 2004-1317, pp. 12-13 (La. 3/11/05), 899 So.2d 516, 525 (quoting *Trunk v. Medical Center of Louisiana at New Orleans*, 2004-0181, p. 5 (La. 10/19/04), 885 So.2d 534, 537. A JNOV should not be granted if there is evidence that would allow reasonable persons to reach different conclusions. *Joseph v. Broussard Rice Mill, Inc.*, 2000-0628, p. 4 (La. 10/30/00), 772 So.2d 94, 99. The jury determined that Leisure Management was one-hundred percent at fault and awarded damages accordingly. However, based on the record before this Court it cannot be said with absolute certainty that reasonable persons could not have reached a different conclusion. As such, a JNOV is not appropriate and the sanctity of the jury's determination should be upheld absent legal error. *See Plaquemines Parish Government v. Getty Oil Co.*, 1995-2452, p. 6 (La. 5/21/96), 673 So.2d 1002, 1006 ("A judgment, whether it results from the assent of the

1

parties or is the result of a judicial determination after a trial on the merits, is and should be accorded sanctity under the law.").

Additionally, I dissent with the majority's decision to allocate fault. "[A]n appellate court must be cautious not to re-weigh the evidence or to substitute its own factual findings just because it would have decided the case differently." *Bonin v. Ferrellgas, Inc.*, 2003-3024, p. 7 (La. 7/2/04), 877 So.2d 89, 95. I recognize that our jurisprudence supports an appellate court's ability to apportion allocation of fault when the trier of fact's apportionment of fault is clearly wrong or manifestly erroneous. *Duncan v. Kansas City S. Ry. Co.*, 2000-0066, pp. 10-11 (La. 10/30/00), 773 So.2d 670, 680. However, in keeping with the sanctity of jury verdicts, "'the trier of fact is owed some deference in allocating fault' since the finding of percentages of fault is also a factual determination." *Id.*, 2000-0066, p. 10, 773 So.2d at 680 (quoting *Clement v. Frey*, 1995-1119 (La. 1/16/96), 666 So.2d 607, 609-10. Accordingly, I would reverse and vacate the trial court's judgment granting Leisure Management's JNOV and remand the matter for a new trial.